UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-140-FDW-DSC

| | |
|---|---|
| ERIC DARDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AWA COLLECTIONS, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 6). Plaintiff is proceeding *in forma pauperis* (Doc. No. 5).

**I.    BACKGROUND**

The *pro se* Plaintiff filed the Complaint under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and several criminal bankruptcy statutes 18 U.S.C. §§ 152, 153, and 157. The Complaint was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted, and Plaintiff was given the opportunity to amend. (Doc. No. 5). The Amended Complaint is now before the Court on initial review.

The Plaintiff names as Defendants: AWA Collections; PepsiCo, Inc.; and Frito Lay, Inc. He asserts that the Court has federal question jurisdiction based on FCRA, FDCPA, and 18 U.S.C. §§ 152, 153 and 157.

The Plaintiff alleges *verbatim*:

> Plaintiff provided defendant with at least three certified affidavits of truth without compliance. Plaintiff has continuously been harassed by defendant without regards to addressing the aforementioned affidavits. Plaintiff prays for relief and judgment, as follows: Adjudging that defendant violated the FDCPA; Awarding

1

Plaintiff statutory damages, pursuant to 15 U.S.C. 1692k in the amount of $300,000.00. Awarding plaintiff actual damages pursuant to 15 U.S.C. 1692k. Awarding such other and further relief as the court may deem just and proper.

(Doc. No. 6 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff attempts to assert claims under the FCRA and FDCPA, and several criminal bankruptcy statutes.

In the Order on initial review of the Complaint, the Court notified the Plaintiff that the federal criminal bankruptcy statutes provide no private cause of action. (Doc. No. 5 at 1, n.1). The Plaintiff ignored this and has reasserted these claims. They will be dismissed as frivolous.

The Court also previously dismissed the Plaintiff's FCRA and FDCPA claims as too vague

and conclusory to state a plausible claim because the Court was unable to "determine the nature of the Plaintiff's claims, what incident(s) occurred between the parties that allegedly give rise to this action, the nature of the Plaintiff's alleged injury, or the basis for any liability whatsoever." (Doc. No. 5 at 4). The Amended Complaint has failed to correct these deficiencies and these claims will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

The Plaintiff has failed to plausibly state a claim against any Defendant or correct the deficiencies that the Court previously identified. Therefore, the Amended Complaint will be dismissed without prejudice and this action will be closed.

**IV.     CONCLUSION**

The Amended Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 6), is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted.
2. The Clerk is instructed to close this case.

Signed: May 19, 2021

Frank D. Whitney
United States District Judge